### Julius Kirkland v. The State.

#### No. 6786.   Decided December 20, 1922.

**1.—Seduction—Continuance—Motion for New Trial.**

Where upon trial of seduction, the only contested issue was the chastity of the prosecutrix at the time of the alleged offense, the court should have allowed the application for continuance to secure the attendance of the absent witnesses, their testimony being material.

**2.—Same—Newly Discovered Evidence—Affidavit—Motion for New Trial.**

Where the motion for new trial, on account of newly discovered evidence was not sworn to by the defendant, the same cannot be considered, although the affidavit attached to the motion by the witness was material.

Appeal from the District Court of Wood. Tried below before the Honorable W. R. Warren.

Appeal from a conviction of seduction; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*R. E. Bozeman, V. H. Harris,* and *Jones & Jones,* for appellant.— On question of application for continuance :—Creasy v. State, 166 S. W. Rep., 162; Sharp v. State, 61 Texas Crim. Rep., 247; Kelly v. State, 33 id., 31.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—On question of continuance: Stacy v. State, 177 S. W. Rep., 114; Grimes v. State, 178 id., 523.

HAWKINS, Judge.—Conviction is for seduction, with punishment of three years confinement in the penitentiary.

. Intercourse with prosecutrix was admitted by appellant but the promise of marriage denied. The question of the former chastity of prosecutrix became a hotly contested issue upon the trial. Upon direct examination she testified that at the time of the first act of intercourse appellant promised to marry her. Details were not gone into by the State. On cross-examination she testified positively that he promised to marry her in the event she should become pregnant as a result of such intercourse. The next morning she was again placed upon the witness stand by the State and at that time testified that he had long before the first act of intercourse promised to marry her, but that at

the time she submitted her person to him he promised that if she should become pregnant they would marry immediately. She denied any act of intercourse or immoral conduct with any parties prior to the time upon which the seduction is alleged and also subsequent thereto, but admitted she had told other parties that she had intercourse with Fred Oliver at a date subsequent to the alleged seduction. She gives as her reason for so stating that appellant had directed her to charge Oliver with being the cause of her condition. Appellant denied this. He introduced one witness who testified positively that he had intercourse with prosecutrix more than once prior to the date of the alleged seduction; other witnesses testified that they had discussed the matter of sexual pleasure with prosecutrix who had promised to bestow such favors upon them at more convenient seasons than those existing at the time of the conversation; that she discussed the matter freely and without embarrassment.

Appellant filed his first application for continuance for the testimony of one Wilson Kilgore, who is alleged to have resided in Wood County, and for Abner J. Kirkland, a brother of appellant, who resided in Dallas County. The application sets up that he caused process to be issued for both of these witnesses to appear at a former term of the court; that process was served upon them and that in obedience thereto they were in attendance upon the court at that time. The application is silent as to what became of the case at the former term of court, and the record does not any where give us information relative to this matter. The term of court attended by the witnesses was the one immediately preceding the trial term. The State does not controvert the application on the point of diligence and nothing appears from the record which would indicate any want of diligence on appellant's part in not securing further process for the witnesses for the trial term. The trial judge does not seem to question the diligence, but the bill of exceptions bringing the question forward certifies that the court overruled the application because he believed that said witnesses could be procured and brought in attendance upon the court during the trial in time to testify. In explanation of the bill the court only says that the witness Kirkland came into court after the argument had closed and the case had gone to the jury. His arrival was too late to help the defense. The State replied to appellant's motion for new trial upon the alleged error in overruling his application for continuance, and states in its replication that the witness Kilgore was a fugitive from justice, being under indictment in the County Court of Wood County, but fails to state of what offense, if any, Kilgore was charged. If any evidence was introduced before the trial judge upon hearing of the motion on this point or any other, it does not so appear from the record, and no mention thereof is made by the judge in his qualification to the bill. Prosecutrix testified that the first act of intercourse with appellant occurred in June or July, 1919. The application sets out that the witness Abner J. Kirkland would testify that he was well

acquainted with the prosecutrix and had known her for several months prior to March, 1919; that in said month he had a conversation with her, during which she permitted him to fondle, caress and kiss her; that she promised that she would have carnal intercourse with him at some favorable opportunity in the future, talked to him freely about the matter, and made no objection to his conduct nor to his request for carnal favors, and appeared to be not the least offended or embarrassed. The witness Kilgore would testify, according to the application, that in the early part of the year 1919 he had visited prosecutrix at her home, at which time he became familiar with her and requested sexual favors to which she consented; that they thereupon retired to a private place on the back gallery of their residence, where she arranged her clothing preparatory to such act, and placed herself in position for same; appellant further asserts in his application that he believes the said witness Kilgore if placed upon the witness stand under oath would go further and testify that he did on such occasion actually engage in sexual relation with prosecutrix.

We have failed to discover any lack of diligence on the part of appellant to secure the attendance of the two witnesses in question. If the materiality of their testimony was questionable at the time the application was presented, it became apparent at the trial progressed. It related to practically the only contested issue in the case, that of the chastity of the prosecutrix at the time of the alleged seduction. We believe the court fell into error in not having granted a new trial in order that appellant might secure the testimony sought.

Among other things alleged why he should have been granted a new trial was newly discovered evidence. There is attached to the motion the affidavit of a witness whose testimony unquestionably would be material to appellant in the trial of his case, but that matter cannot be considered by us because appellant failed to swear to his motion for a new trial. This has always been held necessary where the motion sets up newly discovered evidence. Branch's Ann. P. C., p. 125, Sec. 195.

Other questions are presented in the record, but they will not likely appear in the same form upon another trial and, therefore, they are not discussed.

For the error pointed out, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*